UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **SCOTT M. BUTTERFIELD,** | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:06-cv-101-RLY-WTL |
| | ) |
| **NAVISTAR INTERNATIONAL TRANSPORTATION CORP.,** | ) ) |
| | ) |
|   Defendant. | ) |

### ENTRY ON MOTION TO STRIKE

This cause is before the Magistrate Judge on the Defendants' Motion to Strike or for Proper Disclosure of Plaintiff's Experts. The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons and to the extent set forth below. In arriving at this ruling, the Magistrate Judge has not considered the Plaintiff's surreply, which improperly was filed without leave of court. Therefore, the Defendants' motion to strike the surreply is **DENIED AS MOOT**.

Plaintiff Scott Butterfield alleges that the Defendants, his former employer and the administrator of its disability income plan, wrongfully denied his claim for long-term disability benefits after he became disabled due to several health conditions, including a heart condition and sleep apnea. Pursuant to the applicable case management deadline, on February 20, 2007, Butterfield served his expert witness designations on the Defendants. Butterfield listed eleven physicians as expert witnesses; nine of them were his treating physicians, and the other two were employed by the Defendants and presumably (although neither party says) examined Butterfield as part of the disability determination process. In the instant motion, the Defendants make several objections to Butterfield's expert designations, each of which is addressed in turn below.

First, the Defendants object to the fact that they have not received any medical records from four of the listed physicians, and thus "Defendants have no knowledge of the scope, reliability or relevance of the proposed testimony of these experts [and] Defendants are unable to engage in any measures to properly defend this case with respect to the testimony of these proposed experts, and Defendants are prejudiced by their inclusion as expert witnesses." This statement is a bit perplexing, inasmuch as Butterfield disclosed the four physicians in question three months prior to the expert discovery deadline, leaving the Defendants ample time to request and obtain information from them if that information had not already been provided in response to their discovery requests. It is not clear from the parties' briefs whether Butterfield failed to provide medical releases for these four physicians, in which case the lack of record production would be his fault, or whether the physicians did not respond to the Defendants' response for records, in which case the fault would be the Defendants for failing to follow up. In any event, neither party will be prejudiced if the Defendants request the records from the physicians now. The Defendants are granted leave to do so, and Butterfield shall ensure that the Defendants have the necessary releases to the extent they do not already.

Next, the Defendants object to the fact that Butterfield states in the designations that "some of these health care providers [will] testify at trial"; the Defendants believe they are entitled to know which ones actually will testify. The Magistrate Judge agrees that only experts that a party actually intends to call at trial should be included in expert witness designations and that it is not entirely clear what Butterfield's intentions are; accordingly, Butterfield shall report to the Defendants, in writing, **within 7 days of the date of this Entry**, which of the physicians he intends to utilize as experts at trial.

The remainder of the Defendants' arguments are, for lack of a better term, a bit fuzzy.

The Defendants note that Butterfield's physician-experts did not provide expert reports, and as a result ask for an order "compelling . . . Plaintiff's experts to testify only regarding their diagnosis and treatment of Plaintiff during the relevant time period and pertaining to the condition that qualified Plaintiff for disability benefits." Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), only witnesses "retained or specially employed to provide expert testimony" need provide expert reports. Therefore, the report requirement does not apply to treating physicians, as long as they will be testifying regarding those facts and opinions that arose out of the patient-physician relationship. *See Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 n. 3 (7th Cir. 2004) ("It is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report.").[1] There is no indication that Butterfield intends to attempt to offer any testimony from his physician-experts beyond the appropriate scope of such testimony, and therefore it is not clear to the Magistrate Judge that there is any basis for the order sought by the Defendants.

As for what the relevant medical conditions and time period are in this case, it appears that there is a dispute regarding that issue which the parties are briefing in their on-going summary judgment briefing and that the Court's summary judgment ruling likely will define the relevant scope of medical testimony at trial; however, the case management deadline for motions to exclude or limit expert testimony prompted the Defendants to filed the instant motion when they did. Accordingly, the Magistrate Judge determines that, to extent that any issues regarding the proper scope of expert testimony remain following the Court's summary judgment ruling, the

---

[1] To the extent that the Defendants suggest in their reply brief that treating physicians are not experts and it was improper for Butterfield to designate them as such, they are clearly incorrect.

Defendants have preserved their right to raise them and may do so by a motion in limine that shall be filed **within 15 days of the date of the summary judgment ruling**.

    SO ORDERED:  06/25/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Kevin W. Betz
BETZ & ASSOCIATES
kbetz@betzadvocates.com,litigation@kbetzlaw.com

Sylvia Abra Bier
LOCKE REYNOLDS LLP
sbier@locke.com,lknight@locke.com

Julia F. Crowe
LOCKE REYNOLDS LLP
jcrowe@locke.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com,dtracy@locke.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Elizabeth Ann Mallov
BETZ & ASSOCIATES
emallov@betzadvocates.com